O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RICHARD COOK,<br><br>      Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>      Defendant. | Case No. EDCV 14-1429 RNB<br><br>ORDER AFFIRMING DECISION OF COMMISSIONER |

Plaintiff filed a Complaint herein on July 16, 2014, seeking review of the Commissioner's denial of his application for a period of disability and Disability Insurance Benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation ("Jt Stip") on June 8, 2015. Thus, this matter now is ready for decision.[1]

//

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") made a proper adverse credibility determination with respect to plaintiff's subjective symptom testimony.

2. Whether the ALJ properly developed the record in light of his failure to obtain the testimony of a medical expert.

**DISCUSSION**

As a preliminary matter, the Court notes that plaintiff alleged a disability onset date of December 31, 1998; and that his date last insured was December 31, 2007. Accordingly, the relevant period for purposes of the Court's determination of whether the Commissioner's final decision is supported by substantial evidence and free of legal error is the period from December 31, 1998 to December 31, 2007.

**A.  Reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination for the relevant period (Disputed Issue One).**

Disputed Issue One is directed to the ALJ's adverse credibility determination with respect to plaintiff's subjective symptom testimony for the relevant period. (See Jt Stip at 2-16.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." See Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton standard," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject

the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

Here, plaintiff alleged that he was disabled during the relevant period because of a back injury, anxiety, diabetes, a shoulder injury, heart attacks, depression, high blood pressure, high cholesterol, a neck injury, and the need to replace "L5" in his spine. (See 1 AR 171.) During the administrative hearing, plaintiff testified as follows about his work history and about his activities, treatment, and limitations for the relevant period. Plaintiff last worked in 2010, when he had a handyman company that performed small repairs. (See id. 32-34.) On a typical day, he can prepare simple meals, perform personal hygiene, and help with chores such as dishwashing and feeding his dogs. (See id. 34-35.) He drives to doctor's appointments, the grocery store, and his mother-in-law's house; he accompanies his wife on her grocery shopping trips approximately two or three times per month. (See id. 30, 36.) He goes to the movies once per month, and he took trips to the Grand Canyon and Canada. (See id. 33, 37-38.) He had three surgeries on his back and surgery on his right shoulder. (See id. 41, 49.) He can lift up to 10 pounds at a time. (See id. 50.)

The ALJ determined that, although plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were "not credible" to the extent they were inconsistent with the ALJ's residual functional capacity ("RFC") assessment for the relevant period. (See 1 AR 16.) In support of this adverse credibility determination, the ALJ proffered three reasons.

First, the ALJ found that, although plaintiff's activities of daily living for the relevant period "were somewhat limited, some of the physical and mental abilities and social interactions required in order to perform these activities are the same as those

necessary for obtaining and maintaining employment and are inconsistent with the presence of an incapacitating or debilitating condition." (See 1 AR 15.) In this regard, the ALJ specifically cited plaintiff's ability to "prepare simple meals, perform some household chores, occasionally drive and shop and occasionally go to the movies," as well as evidence that plaintiff had taken a trip to the Grand Canyon, where he had reportedly done well. (See id.; see also 1 AR 492.) Although plaintiff contends that he need not have been "utterly incapacitated" in order to be found disabled (see Jt Stip at 10), the Court finds that evidence of plaintiff's various activities and ability to travel, taken together, constituted substantial evidence that plaintiff's abilities met the threshold for transferable work skills during the relevant period.

Accordingly, the Court finds that this was a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination for the relevant period. See Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (affirming ALJ's adverse credibility determination where claimant was able to care for her own personal needs, cook, clean, and shop); Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (same where claimant performed chores such as cooking, laundry, washing dishes, and shopping); Tidwell v. Apfel, 161 F.3d 599, 601, 602 (9th Cir. 1998) (same where claimant did the laundry, cleaned the house, vacuumed, mopped, dusted, and shopped for groceries); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (per curiam) (same where claimant could cook, do dishes, go to the store, visit relatives, and drive); see also Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) (ALJ could properly draw adverse inference from claimant's ability to travel); Donathan v. Astrue, 264 F. App'x 556, 558 (9th Cir. 2008) (now citable for its persuasive value per Ninth Circuit Rule 36-3) (same).

Second, the ALJ found that the record reflected work activity after the alleged disability onset date, specifically, plaintiff's work as a handyman through approximately 2010. (See 1 AR 15-16; see also 1 AR 33, 369, 384.) The ALJ also

explained that, although plaintiff's work activity did not constitute disqualifying substantial gainful activity, such work did indicate that plaintiff's daily activities have, "at least at times, been somewhat greater than [plaintiff] has generally reported." (See 1 AR 16.)  Although plaintiff contends that his attempts at work should not have been held against him because his attempts were unsuccessful (see Jt Stip at 12), the record does not clearly demonstrate that plaintiff had to stop working because of a disability *before his date last insured of December 31, 2007.* The ALJ therefore rationally interpreted the evidence of plaintiff's work activity as indicating that his daily activities were greater than generally reported before that date. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").  Accordingly, the Court finds that this also was a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination for the relevant period.  See Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) (claimant's part-time work as personal caregiver belied claimant's claim of debilitating respiratory illness).

Third, the ALJ found that, although plaintiff had received various forms of treatment, which "would normally weigh somewhat in [plaintiff's] favor, the record also reveals improvement of [plaintiff's] symptoms with treatment." (See 1 AR 16.) In this regard, the ALJ cited the following evidence of plaintiff's responses to treatment.  With respect to plaintiff's heart treatment, the record reflected that plaintiff had been doing better since undergoing stent replacement in 2003 and that a physical examination revealed normal findings. (See 1 AR 262, 269.) With respect to plaintiff's first back surgery in 2005, the record reflected that plaintiff was doing well after the surgery and was able to walk three to four blocks per day, work, and go bowling. (See 1 AR 368, 369.) With respect to plaintiff's second back surgery in 2006, the record reflected that plaintiff was doing very well after the surgery, that he reported "absolutely no back pain or thigh pain," that he showed continuing signs of

improvement, and that he was "very active" and "back to work." (See 1 AR 374, 376, 377; 2 AR 852.) With respect to plaintiff's third back procedure in 2007, the record reflected that after the procedure, plaintiff was able to travel to the Grand Canyon (where he had done very well) and that a physical examination had revealed excellent range of motion of the back and similar findings. (See 1 AR 384; 2 AR 828-29.)

The Court notes that plaintiff's improvement with treatment was not always permanent – evidenced by the fact that plaintiff underwent multiple back surgeries or procedures – and that plaintiff's condition apparently worsened after his date last insured of December 31, 2007. (See, e.g., 2 AR 961-63.) Nonetheless, as detailed above, the ALJ cited substantial evidence to find that plaintiff had experienced improvement on the whole with treatment, especially after his third back surgery and before his date last insured. Accordingly, the Court finds that this also was a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination for the relevant period. See Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999) (ALJ's adverse credibility determination properly accounted for physician's report of improvement with medication); Odle v. Heckler, 707 F.2d 439, 440 (9th Cir. 1983) (ALJ may consider whether treatment produced fair response or control of pain that was satisfactory).

The Court therefore finds that reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination with respect to plaintiff's subjective symptom testimony for the relevant period.

**B.    Reversal is not warranted based on the ALJ's alleged failure to properly develop the record for the relevant period (Disputed Issue Two).**

Disputed Issue Two is directed to the ALJ's failure to call a medical expert to testify at the administrative hearing about plaintiff's functional limitations during the relevant period. (See Jt Stip at 16-18.)

It is well-established that the ALJ has a special duty to fully and fairly develop

the record to assure that the claimant's interests are considered, and that this special duty exists even when the claimant is represented by counsel. See Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983); see also Garcia v. Commissioner of Social Sec., 768 F.3d 925, 930 (9th Cir. 2014). "An ALJ's duty to develop the record further is triggered . . . when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." See Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

However, the decision whether to obtain medical expert testimony is within the ALJ's discretion, and he is not required to gather such evidence when he already has a record that is sufficient to make a disability determination. See 20 C.F.R. § 404.1527 (e)(2)(iii) ("Administrative law judges *may* also ask for and consider opinions from medical experts on the nature and severity of your impairment(s).") (emphasis added); see also Flener ex rel. Flener v. Barnhart, 361 F.3d 442, 448 (7th Cir. 2004) (with respect to medical expert testimony, "the ALJ's reasoned judgment of how much evidence to gather should generally be respected"); Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999) (an ALJ need not obtain medical expert testimony when the record is sufficient to make a disability determination).

Here, the record was voluminous and sufficient for the ALJ to determine plaintiff's functional limitations and to make a non-disability determination for the relevant period without the testimony of a medical expert. The record included a lengthy treatment history for the relevant period, which the ALJ considered and detailed exhaustively in his opinion. (See 1 AR 17-20.) According to that treating medical evidence, as discussed above, plaintiff experienced periods of improvement with treatment and was able to work during the relevant period. Moreover, the record reflects that two state agency physicians reviewed plaintiff's entire medical record for the relevant period and concluded that plaintiff either had a residual functional capacity for light work or had non-severe impairments. (See id. 73; 2 AR 874.) The ALJ adopted the state agency physicians' opinions to conclude that plaintiff had a

residual functional capacity for a range of light work for the relevant period. (See 1 AR 20.) Under these circumstances, the ALJ could have reasonably concluded that medical expert testimony was unnecessary. See Flener, 361 F.3d at 448 (ALJ did not err in failing to call a medical expert where state agency physicians reviewed the complete record); Prince v. Commissioner, Social Sec. Admin., 551 F. App'x 967, 972 (11th Cir. 2014) (same where the ALJ properly considered a voluminous record, including treating medical evidence); Simpson v. Commissioner of Social Sec., 344 Fed. App'x 181, 189 (6th Cir. 2009) (same where the record included an extensive medical history, testimony about daily activities, vocational testimony, reports from treating physicians, and reports from state agency physicians).

The Court is mindful that an ALJ should obtain medical expert testimony in certain circumstances: for example, an ALJ should call a medical expert when he determines that a claimant is disabled but has an uncertain onset date, see Social Security Ruling ("SSR") 83-20, 1983 WL 31249, at *3, or when the ALJ opines that an existing case record suggests that a judgment of equivalence may be reasonable or that an updated case record may change the findings of the state agency physicians, see SSR 96-6p, 1996 WL 374180, at *3-*4.[2]  However, none of these circumstances existed here.

The Court therefore finds that reversal is not warranted based on the ALJ's failure to obtain medical expert testimony about plaintiff's functional limitations during the relevant period.

//
//
//
//

---

[2] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

1 *******************

2   Accordingly, IT IS HEREBY ORDERED that Judgment be entered affirming
3 the decision of the Commissioner and dismissing this action with prejudice.

5 DATED: July 10, 2015

*/s/ Robert N. Block*

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE